IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAMIM A. CHOWDHURY and § <br> LIZA S. CHOWDHURY, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> WELLS FARGO BANK, N.A., § <br>     Defendant. § | Civil Action No. 3:19-CV-3048-M-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment*, filed October 23, 2020 (doc. 11). Based on the relevant filings, evidence, and applicable law, the motion for summary judgment should be **GRANTED**.

## I. BACKGROUND

This case involves escrow funds and title to real property located at 469 Tiffany Trail, Richardson, Texas 75081 (the Property). (doc. 2-2 at 7.)[2] On December 13, 2007, Shamim Chowdhury (Borrower) executed a note (Note) in favor of The Lending Partners, Ltd. (Lender) for a loan in the principal amount of $176,234.00 (Loan). (*See* doc. 11-1 at 3-4.) Borrower and Liza Chowdhury (collectively Plaintiffs) contemporaneously executed a deed of trust (Deed of Trust) that granted a security interest in the Property to Lender to secure repayment of the Note. (*See* doc. 2-2 at 16-22.) The Deed of Trust named Mortgage Electronic Registration Systems (MERS), the nominee for Lender and its successors and assigns, as the beneficiary. (*Id.* at 16.) From February 2008 through March 2009, Wells Fargo Bank, N.A. (Defendant) was the servicer of the Loan. (*Id.*

---

[1] By *Special Order No. 3-251*, this case was automatically referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

at 7.) Throughout this period, Plaintiffs' monthly payments to Defendant included a $413.52 payment toward the escrow account for the mortgage insurance premium and property taxes. (*Id.* at 8, 40.) On February 9, 2009, Defendant allegedly transferred title to the Property to some other party. (*Id.* at 8.)[3]

On March 26, 2009, Plaintiffs sought to refinance the Loan, and they entered into a new loan agreement with Countrywide Bank, FSB (Countrywide) and executed a new deed of trust in favor of Countrywide (Second Deed of Trust). (*Id.* at 23-37.) Borrower also executed a HUD-1 Settlement Statement (Settlement Statement) that was prepared by Defendant. (*Id.* at 60-62.) As part of the refinancing, on April 21, 2009, MERS executed a release of lien (Release), which released its interest in the Deed of Trust. (*Id.* at 58-59.) Defendant recorded the Release with the Dallas County Clerk on April 27, 2009. (*Id.*) In August 2019, Bank of America, successor to Countrywide, provided Plaintiffs an accounting of the Loan, which showed a $2,000 shortage in their escrow account "at the end of the Defendant's loan servicing period." (*Id.* at 8, 38.)

On November 20, 2019, Plaintiffs filed this lawsuit in the County Court at Law No. 2, Dallas County, Texas. (*See* doc. 2-2 at 7-63.) Their petition alleges that Defendant defrauded them because it (1) "fraudulently conveyed Plaintiffs' property title to some other party on or before [February 9, 2009];" (2) prepared a HUD-1 Settlement Statement dated March 26, 2009, that "conceal[ed] the fact that it transferred Plaintiffs' property title on or before [February 9, 2009];" and (3) recorded the Release with the intent to "persuade the Plaintiffs into the belief that it released the lien and transferred the title [to them]." (*Id.* at 9-12.) It alleges that Defendant breached the Deed of Trust "by failing to transfer the property title back to the Plaintiffs." (*Id.* at 11.) It also alleges that

---

[3]Plaintiffs attach to their petition a special warranty deed and a deed of trust, both dated February 9, 2009, for another property located at *637 Tiffany Trail*, Richardson, Dallas County, Texas 75081. (*See* doc. 2-2 at 45-57.)

Defendant did not reimburse Plaintiffs the excess funds in their escrow account after it stopped servicing the Loan in April 2009. (*Id.* at 10.) The petition expressly asserts causes of action for "HUD 1 Settlement Fraud," "Escrow Theft," "Fraudulent Title Transfer," "Breach of Deed of Trust," and "Fraudulent Lien Relief," and seeks damages and declaratory relief. (*Id.* at 9-12.) Liberally construed, it appears to assert claims for fraud, breach of contract, money had and received, and declaratory judgment.

On December 26, 2019, Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*See* docs. 1, 2.) On October 23, 2020, it moved for summary judgment. (doc. 11.) Plaintiffs did not respond.

## II. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If it "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The moving party can also meet its summary judgment burden

by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[4] Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial.

---

[4]"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

*Celotex*, 477 U.S. at 322-23.

**A.     Common Law Fraud**

Defendant moves for summary judgment on Plaintiffs' fraud-based claims on the ground that their evidence shows that it did not make any false representations because it did not transfer title to the Property to another party. (doc. 11 at 4.)

In Texas,[5] the elements of common law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010).

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b)

---

[5]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Deed of Trust was executed in Texas, and includes a choice of law clause stating that it is to be governed by the "law of the jurisdiction in which the Property is located." (*See* doc. 2-2 at 19); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of performance). The parties do not dispute that Texas law applies.

5

requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations omitted).

To meet its summary judgment burden, Defendant provides the Note, Deed of Trust, and Release. (*See* doc. 11-1 at 3-13.) It also provides the affidavit of Miranda Barnes, a Vice President Loan Documentation for Defendant, stating that the Release was executed after the Loan was refinanced in April 2009, and that "Defendant no longer owns or services the Loan." (*Id.* at 1-2.) The affidavit also states that Defendant "did not execute or file a deed transferring the Plaintiffs' property to any other person or entity." (*Id.* at 2.) Defendant points out that "the alleged fraudulently transferred deed attached to the Petition [ ], clearly reflects the transfer of an entirely different property to and from entirely different parties." (doc. 11 at 5.) Its evidence demonstrates that it did not transfer title to the Property to another party, that it did not conceal the fact that the Property was transferred when it prepared the Settlement Statement, and that it released a valid lien through the Release. Defendant has met its summary judgment burden to show a failure of proof regarding a material element of Plaintiffs' fraud-based claims.

The burden now shifts to Plaintiffs to identify a genuine issue of material fact regarding whether title to the Property was fraudulently transferred by Defendant, or whether it made any representations that are false. While their petition alleges that Defendant fraudulently transferred title to the Property on February 9, 2009, and it includes copies of a special warranty deed and a deed of trust that were executed on the same date, those records are for a different property. (*See* doc. 2-2 at 45-57.) By failing to respond to Defendant's argument and evidence showing that it did not transfer the Property or make misrepresentations about the Property or Loan, Plaintiffs have

6

failed to meet their burden to show a genuine issue of material fact as to their claims for "HUD 1 Settlement Fraud," "Fraudulent Title Transfer," and "Fraudulent Lien Relief." Defendant is entitled to summary judgment as to these claims.

**B.    Breach of Contract**

Defendant moves for summary judgment on Plaintiffs' breach of contract claim on the ground that the summary judgment evidence shows that it did not breach the Deed of Trust. (doc. 11 at 4-5.)

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

Here, the petition alleges that Defendant breached the Deed of Trust "by failing to transfer the property title back to the Plaintiffs." (doc. 2-2 at 11.) As discussed, Defendant provides the Note, Deed of Trust, and Release, and Ms. Barnes' affidavit, which states that the Release was executed after the Loan was refinanced in April 2009, and that Defendant "did not execute or file a deed transferring the Plaintiffs' property to any other person or entity." (*See* doc. 11-1 at 1-2, 3-13.) Defendant has met its summary judgment burden to show a failure of proof regarding its alleged breach of the Deed of Trust.

The burden now shifts to Plaintiff to identify evidence raising a genuine issue of material fact regarding whether Defendant breached the Deed of Trust. Because Plaintiffs have not responded

7

to the motion, they have failed to meet their burden, and summary judgment is appropriate as to their "Breach of Deed of Trust" claim. *See Black*, 461 F.3d at 588 n.1.

## C. Money Had and Received

Defendant moves for summary judgment on Plaintiffs' claim that it misappropriated escrow funds on the ground that there is no evidence it withheld escrow funds. (doc. 11 at 5.)

An action for money had and received is an equitable action designed to prevent unjust enrichment. *Everett v. TK–Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex.App.—Fort Worth 2005, no pet.). It arises when a person holds money that in equity and good conscience belongs to another. *Staats v. Miller*, 150 Tex. 581, 243 S.W.2d 686, 687-688 (Tex. 1951); *Everett*, 178 S.W.3d at 860.

Here, the petition alleges that Defendant did not reimburse Plaintiffs the "excess escrow fund" of $2,000 when it stopped servicing the Loan. (doc. 2-2 at 10.) To meet its summary judgment burden, Defendant provides Ms. Barnes' affidavit, which states that when the Loan was refinanced in April 2009, all funds owed by Plaintiffs to Defendant were paid in full. (doc. 11-1 at 1-2.) It also states that Defendant "has no record of any withheld escrow funds with respect to this Loan." (*Id.* at 1.) Defendant has met its summary judgment burden to show a failure of proof regarding its possession of money belonging to Plaintiffs.

The burden now shifts to Plaintiffs to identify a genuine issue of material fact regarding whether Defendant had withheld funds belonging to them. Plaintiffs do not dispute the summary judgment evidence showing that Defendant has not withheld any escrow funds associated with the Loan, and by failing to respond to this argument, they have failed to meet their burden to show a genuine issue of material fact as to their "Escrow Theft" claim. Defendant is entitled to summary judgment as to this claim.

### D.     **Declaratory Relief**

When a declaratory judgment action is filed in state court and is subsequently removed to federal court, "it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The Declaratory Judgment Act (the Act) allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. Because the Act does not create a substantive cause of action, the plaintiff's ability to obtain declaratory relief depends on the "adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009). Accordingly, a declaratory judgment is unavailable where there is no viable claim for relief. *See Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *adopted by* 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citation omitted).

Plaintiffs seek declaratory judgment that any deed or conveyance of Defendant that destroyed their chain of title to the Property are void. (doc. 2-2 at 11-12.) Because they have not met their summary judgment burden to show a genuine issue of material fact exists with respect to their substantive claims, Defendant is entitled to summary judgment on their request for declaratory judgment. *See Bell*, 2012 WL 568755, at *8 (denying plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and defendant); *Turner v. AmericaHome Key, Inc.*, 2011 WL 3606688, at *56 (N.D. Tex. Aug. 16, 2011), *aff'd by* 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

## III.  RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**, and all of Plaintiffs' claims should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 11th day of March, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE